| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/14/2021 |
| JOSE GUZMAN,<br><br>                           Plaintiff,<br><br>-against-<br><br>WILLIAM BARR, in his capacity as Attorney General of the United States,<br><br>                           Defendant. | 1:19-cv-07163-MKV<br><br>OPINION AND ORDER GRANTING<br>MOTION TO DISMISS |

MARY KAY VYSKOCIL, United States District Judge:

*Pro se* Plaintiff Jose Guzman filed this action seeking a declaration that he is not removable pursuant to several provisions of the federal Immigration and Naturalization Act ("INA"). In subsequent filings, Mr. Guzman has also sought an order declaring him a citizen of the United States, or otherwise ordering the United States Citizenship and Immigration Services ("USCIS") to proceed with his application for naturalization notwithstanding pending removal proceedings. The Government opposes Plaintiff's requests and moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

For the purposes to Defendant's motion to dismiss, the facts are drawn from Plaintiff's Amended Complaint and are assumed to be true.[1]

---

[1] In addition to Plaintiff's initial Complaint in this action [ECF No. 1], Plaintiff has also filed a "Brief Statement in Support of Plaintiff [sic] Complaint," which takes the form of a pleading and includes sections regarding the parties, jurisdiction and venue, and a prayer for relief. *See* ECF No. 16. This document appears to include all the information contained in Plaintiff's initial complaint, with the sole exception of an affirmation from Mr. Guzman that was attached to the initial pleading. Consistent with the liberal construction of *pro se* filings, *see infra* at XX, the Court will construe the "Brief Statement" as an Amended Complaint and refers to it as such in this Opinion.

1

*Pro se* Plaintiff Jose Guzman is a lawful permanent resident of the United States and a national of the Dominican Republic. Amended Complaint, ECF No. 16, at 1 ¶ 1, 2 ¶ 2.[2] Sometime after being admitted into the United States in 1974, the Plaintiff applied for naturalization as a United States citizen. Amended Complaint at 2 ¶ 2-3. At some point thereafter, Plaintiff was interviewed for naturalization and claims to have "met all the requirements" to become a United States citizen. Amended Complaint at 3 ¶ 5.

Relevant to Plaintiff's status as a lawful permanent resident and applicant for citizenship, Mr. Guzman was convicted of three crimes in the early 2000s. First, on or around May 8, 2000, Plaintiff pleaded guilty and was convicted in New York state court of criminal sale of marijuana in the fourth degree in violation of New York Penal Law, Section 221.40. Amended Complaint ¶ 10. Second, on or about February 14, 2001, Plaintiff pleaded guilty and was convicted in New York state court of criminal possession of marijuana in the fifth degree in violation of New York Penal Law, Section 221.10. Amended Complaint ¶ 12. Third, on or about March 12, 2002, Plaintiff pleaded guilty and was convicted in New York state court of criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law 220.09. Amended Complaint ¶ 14.

Plaintiff filed this action in July 2019, *see* ECF No. 1, and filed the Amended Complaint in February 2020. The Amended Complaint seeks a declaration that Plaintiff's convictions are not "aggravated felonies" as that term is used in the INA, and that the convictions do not subject him to removal from the United States or make him ineligible for naturalization. *See* Amended Complaint at 21-22 (Prayer for Relief). There is nothing in the Amended Complaint regarding removal proceedings and only passing mention of Plaintiff's then-outstanding naturalization

---

[2] The Court includes page numbers in addition to paragraph numbers only to the extent the Amended Complaint reuses paragraph number 1-4.

application. *See, e.g.*, Amended Complaint at 2 ¶ 3, 3 ¶ 5. On May 5, 2020, the Department of Homeland Security issued Plaintiff a Notice to Appear, initiating removal proceedings against him. *See* Memorandum in Support of Motion to Dismiss, ECF No. 23 ("Def. Br."), Ex. 1 at 1.[3] Two days later, USCIS informed Plaintiff that his naturalization application was closed and could not be adjudicated in light of the removal proceedings. *See* Def. Br. Ex. 2.

Defendant's motion to dismiss was filed shortly thereafter on May 15, 2020. *See* ECF No. 22-23. Plaintiff filed an opposition to the Motion on June 15, 2020. *See* Memorandum in Opposition to Motion to Dismiss, ECF No. 25 ("Pl. Opp."). In his Opposition, Plaintiff responded regarding his already-existing claims but also made arguments concerning his naturalization application. *See* Pl. Opp. at 13-17. In particular, Plaintiff asks the Court (in his Opposition) to rule that he is "qualified for naturalization." *See* Pl. Opp. at 16. Finally, Defendant submitted a Reply, ECF No. 26 ("Def. Reply"), responding to the new relief sought by the Opposition.

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Amended Complaint on the ground that the Court lacks subject matter jurisdiction and that the Amended Complaint fails to state a claim upon which relief may be granted.

Where a motion to dismiss asserts that the court lacks subject matter jurisdiction over the case, a court must dismiss a claim if it "lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). "The plaintiff bears the burden of proving subject

---

[3] As noted below, the Court may consider documents outside the pleadings, such as the exhibits submitted with Defendant's Motion, when the documents relate to the Court's subject matter jurisdiction to hear a case, as they do here. *See infra* at XX.

matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  In deciding the motion, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Well-pleaded factual allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in Plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

In a case brought by a *pro se* plaintiff, the Court must construe the plaintiff's filings liberally and construe them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  In addition to what is contained in the complaint, the Court may consider factual statements made in a *pro se* plaintiff's opposition to a motion to dismiss.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

## DISCUSSION

### A. The Court Lacks Jurisdiction Over Plaintiff's Claims With Regard To Removal

The claims in Plaintiff's Amended Complaint entirely are directed at his request for a declaration that his three drug convictions are not "aggravated felonies" within the meaning of that term in the INA. *See, e.g.*, Amended Complaint ¶¶ 16-44, Prayer for Relief.  Plaintiff

4

concedes that if he was convicted of an aggravated felony, he may be ineligible for naturalization and, instead, may be subject to removal from the United States. Amended Complaint ¶¶ 9, 17, Prayer for Relief (¶¶ 1-3). Defendant submits that the Court does not have subject matter jurisdiction to give Plaintiff the declaration now that removal proceedings are pending against him. The Court agrees.

Any question about Plaintiff's eligibility for removal must be decided as part of the removal proceedings already pending against him. Specifically, 8 U.S.C. § 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

In other words, Congress has stripped the District Courts of jurisdiction to decide all legal and factual questions related to an alien's eligibility for removal. *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 483 (1999) (describing 8 U.S.C. § 1252 as a "zipper clause" which prohibits "non-final-order" judicial review of removal questions). The law in the Second Circuit is clear that all such questions should be channeled into a single petition after the review of a final order of removal; until such an order is issued, the federal courts have no jurisdiction over the claims. *Calcano-Martinez v. INS*, 232 F.3d 328, 340 (2d Cir. 2000). As the Second Circuit explained: "Congress enacted INA § 242(b)(9) [8 U.S.C. § 1252(b)(9)] for the important purpose of consolidating all claims that may be brought in removal proceedings into one final petition for review of a final order in the court of appeals. Before INA § 242(b)(9), only actions attacking the deportation order itself were brought in a petition for review while

5

other challenges could be brought pursuant to a federal court's federal question subject matter jurisdiction under 28 U.S.C. § 1331.  Now, by establishing "exclusive appellate court" jurisdiction over claims "arising from any action taken or proceeding brought to remove an alien," all challenges are channeled into one petition.  *Calcano-Martinez*, 232 F.3d at 340 (internal citations omitted) (quoting 28 U.S.C. § 1252(b)(9)).  Under this clear authority, Plaintiff must raise his arguments about the nature of his convictions in the removal proceedings, and, if he is unsuccessful, may raise them on appeal to the Board of Immigration Appeals or the Second Circuit.

Even if the Court was not precluded by the INA from reviewing Plaintiff's claims, Plaintiff has not established any other basis for jurisdiction over his declaratory judgment claims. *Aurecchione*, 426 F.3d at 638 ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.").  The federal Declaratory Judgment Act, for example, does not provide an independent basis for jurisdiction.  *Ansah v. Napolitano*, 2013 WL 247984, at *3 (S.D.N.Y. Jan. 23, 2013) (citing *Correspondent Servs. Corp. v. First Equities Corp of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (per curiam)).  Plaintiff does not offer any other basis for the Court to consider his claims.  As a result, the removal-related claims are dismissed for lack of jurisdiction.

**B.      Plaintiff's Claims Related to Naturalization Are Dismissed**

While the Amended Complaint primarily relates to Plaintiff's requested declarations about his convictions, Mr. Guzman also refers to naturalization throughout the pleading.  *See, e.g.*, Amended Complaint at 2 ¶ 3, ¶ 7.  Indeed, Plaintiff has asked Defendant several times to sign a stipulation that he is entitled to naturalization.  *See* Amended Complaint ¶ 7; Letter to Court, ECF No. 11, at 5.  In light of Plaintiff's *pro se* status, the Court construes these references

as a request for a declaration that Mr. Guzman is qualified to become a naturalized United States citizen.[4]

Additionally, Plaintiff's Opposition contains a section labeled "Issuing of the Notice to Appear (NTA) is Unconstitutional." As discussed above, the Court may consider new facts and theories presented in a *pro se* Plaintiff's memorandum of law in opposition to a motion to dismiss. *Walker*, 717 F.3d at 122 n.1 ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."). The Court construes the statements in Plaintiff's Opposition related to the constitutionality of the Notice to Appear as a request to amend his pleadings to add a claim for a declaration that the Notice violated his rights. *Cf. Walker v. City of New York*, 367 F. Supp. 3d 39, 66 (S.D.N.Y. 2019) (construing new facts and legal arguments in a *pro se* plaintiff's memorandum of law to be a proposed amendment to the complaint). The Court evaluates a proposed amendment to a plaintiff's complaint under the same standard as a motion to dismiss. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("When the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted. The adequacy of the proposed amended complaint, however, is to be judged by the same standards as those governing the adequacy of a filed pleading.").

No matter how the claims are construed, all of Plaintiff's claims related to naturalization fail for the same reason as his challenge to removal—the Court cannot grant the relief he seeks

---

[4] This is different from a declaration that Mr. Guzman *already is* a citizen given his proceeding through the naturalization process. However, the law is clear that he also is not entitled to such a declaration either. *See Ajlani v. Chertoff*, 545 F.3d 229, 234 (2d Cir. 2008) (noting that "an alien who has not taken the oath [of citizenship] *in a public ceremony* remains a non-citizen" and stating that a Court is without power to declare a person a citizen absent the public oath (emphasis in original)).

7

with regard to naturalization because removal proceedings are pending against him.  First, the court is without subject matter jurisdiction to declare Plaintiff eligible to be naturalized.  Second, any claim that the Notice to Appear violates Mr. Guzman's constitutional rights fails because such claims cannot be litigated while removal proceedings are ongoing.  *See Ajlani v. Chertoff*, 545 F.3d 229, 241 (2d Cir. 2008) (holding that a complaint "fail[ed] to state a claim on which naturalization relief could be granted while removal proceedings were pending.").

First, binding precedent establishes that the Court cannot consider a Plaintiff's application to be declared a citizen (or to be declared entitled to citizenship) when removal proceedings are ongoing.  *See Ajlani*, 545 F.3d at 241; *see also Beshay v. Keller*, No. 13-cv-4619 (PAE), 2014 WL 3583420, at *2-3 (S.D.N.Y. July 21, 2014) (noting that *Ajlani* precludes a court from granting naturalization relief while removal proceedings are pending against the plaintiff). Specifically, in *Ajlani*, the Second Circuit explicitly held that "an alien cannot secure naturalization from either the district court or the Attorney General while removal proceedings are pending." *Id.*  Plaintiff expresses concerns that such an outcome allows the Government to "frustrate the process" of naturalization.  Opposition at 13.  However, far from frustrating the process, this outcome ensures that Congress's intent is upheld by funneling all claims into the removal proceeding for review instead of permitting piecemeal litigation.  *See Ajlani*, 545 F.3d at 236 (collecting cases expressing Congress's intent to streamline the naturalization process); *see also Calcano-Martinez*, 232 F.3d at 340 ("Congress enacted INA § 242(b)(9) for the important purpose of consolidating all claims that may be brought in removal proceedings into one final petition for review of a final order in the court of appeals.").  As a result, Plaintiff's claim seeking a declaration that he is entitled to naturalization must be dismissed.[5]

---

[5] The Court has construed this as a ruling on jurisdiction, but the Second Circuit has not clarified whether this issue is jurisdictional.  In *Ajlani*, the Second Circuit concluded that while the Court specifically lacked jurisdiction over

8

Second, Plaintiff also is not entitled to relief on his claim that the May 5, 2020, Notice to Appear violated his constitutional rights.  Such a claim was expressly rejected in *Ajlani*.  In that case, the plaintiff argued "that the then-pending removal proceedings against him were unconstitutional and discriminatory."  *Ajlani*, 545 F.3d at 235.  Like this case, the removal proceedings in *Ajlani* were initiated after the plaintiff's lawsuit seeking declaratory relief was filed, and the District Judge construed later filings as seeking relief from the allegedly unconstitutional process.  *Id.*  The Second Circuit noted that "[t]he immigration code plainly states that 'no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the INA].'" *Id.* (quoting 8 U.S.C. § 1252(g)).  While the Court recognized that the INA includes certain exceptions to that general rule, it recognized that even those exceptions deprive the District Court of jurisdiction and instead required the plaintiff to exhaust remedies in the removal process and then seek review in the Court of Appeals.  *Id.*  This same rule applies here.  Plaintiff's claims about the constitutionality of the Notice to Appear fail as a matter of law.

As a result, Plaintiff's claims seeking a declaration of his eligibility to be naturalized are dismissed and the Court declines to grant Plaintiff leave to amend his complaint to add a claim that the Notice to Appear is unconstitutional.  All of the claims are precluded by the pending removal proceedings.

---

some claims, Plaintiff's declaratory judgment related to naturalization was "preclude[d]" by "the pendency of [] removal proceedings."  *Ajlani*, 545 F.3d at 241.  However, the defect has also been described as jurisdictional in opinions by other Judges in this District.  *See, e.g.*, *Beshay v. Keller*, No. 13-cv-4619 (PAE), 2014 WL 3583420, at *2 n.4 (S.D.N.Y. July 21, 2014) ("[D]istrict courts lack jurisdiction under either section to consider naturalization petitions when removal proceedings are pending.").  For the avoidance of doubt here, the Court rules that removal proceedings prevent the Court from asserting subject matter jurisdiction over Plaintiff's claims.  Alternatively, however, the Court concludes that, if the defect is not jurisdictional, that the removal proceedings would cause Plaintiff's claims to fail under Federal Rule of Civil Procedure 12(b)(6).

9

## C. Leave to Amend Would Be Futile and Is Denied

Normally, "[a] pro se complaint 'should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). However, "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

The Court's concludes here that it lacks subject matter jurisdiction over Plaintiff's claims and is otherwise precluded from considering them during the pendency of his removal proceedings. There are no facts that could be pleaded to change that conclusion. Plaintiff is free to—and, indeed, must in order to preserve them—raise in his removal proceedings the argument he has asserted here. If he does not prevail on the claims there, he may seek review of the immigration court's decisions pursuant to 8 U.S.C. § 1252(b).

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's claims is GRANTED. The Clerk of Court respectfully is requested to enter judgment dismissing the complaint in this action with prejudice and to close the case.

The Clerk of Court respectfully is requested to mail a copy of this Opinion to Plaintiff.

**SO ORDERED.**

Date: **January 14, 2021**
      **New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**